IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

```
TANTE T. URBAN, JR.,            )  CIV. NO. 22-00461 HG-RT
                                )
          Plaintiff,            )
                                )
     vs.                        )
                                )
WENDY M. DEWEESE; PETER STONE;  )
SHAWN NAKOA; RUSH MOORE LLP;    )
VINCENT KRUSE; JASON LEE        )
COTTON; TMLF HAWAII LLLC; STATE )
OF HAWAII; THE BANK OF NEW YORK )
MELLON,                         )
                                )
          Defendants.           )
_____)
```

**ORDER GRANTING DEFENDANTS THE HONORABLE WENDY M. DeWEESE AND SHAWN M. NAKOA'S MOTION TO DISMISS COMPLAINT FOR VIOLATION OF CIVIL RIGHTS WITH PREJUDICE (ECF No. 5)**

**and**

**ORDER DENYING PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (ECF No. 3)**

**and**

**ORDER DENYING PLAINTIFF'S MOTION TO BE EXCUSED FROM PACER FEES (ECF No. 4)**

On October 3, 2022, Defendant Judge Wendy M. DeWeese, a Hawaii State Circuit Court Judge, entered a final judgment of foreclosure in favor of The Bank of New York Mellon against Plaintiff Tante T. Urban, Jr., based on default of the terms of the mortgage loan documents.  Judge DeWeese appointed Shawn M. Nakoa as Commissioner of Court to take possession and control of the property and to carry out its sale.

1

On October 27, 2022, Plaintiff, proceeding pro se, filed a lawsuit in this Court, seeking to challenge the Hawaii State Court proceedings.

Plaintiff also filed an Application to Proceed in the Federal District Court without Prepaying Fees or Costs and a Motion to be Excused from Pacer Fees.

Defendants Judge Wendy M. DeWeese and Commissioner of Court Shawn M. Nakoa move to dismiss the Complaint pursuant to Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983).  In addition, Defendants move to dismiss for failure to state a claim upon which relief may be granted and based on judicial and quasi-judicial immunity.

Defendants' Motion to Dismiss (ECF No. 5) is **GRANTED WITH PREJUDICE**.

Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs and Motion to be Excused from Pacer Fees are **DENIED AS MOOT**.

## PROCEDURAL HISTORY

On October 27, 2022, Plaintiff filed the Complaint.  (ECF No. 1).

The same day, Plaintiff filed (1) an Application to Proceed in District Court without Prepaying Fees or Costs and (2) a Motion to be Excused from Pacer Fees.  (ECF Nos. 3, 4).

On November 25, 2022, Defendants Judge DeWeese and Commissioner of Court Shawn M. Nakoa filed a Motion to Dismiss.

2

(ECF No. 5).

On December 12, 2022, Plaintiff filed an Amended Complaint. (ECF No. 6).

The Court elects to decide the Motion without a hearing pursuant to the District of Hawaii Local Rule 7.1(c).

## BACKGROUND

On March 31, 2006, Plaintiff Tante T. Urban, Jr., executed a Mortgage and Note for real property located at 75-208 Ala Onaona St., now known as 75-5711 Lamaokeola Street, Kailua Kona, Hawaii 96740. (ECF No. 5-3, p. 2). On April 13, 2006, the Mortgage was recorded in the Bureau of Conveyances of the State of Hawaii. (ECF No. 5-3, p. 3).

The Note was subsequently assigned to The Bank of New York Mellon. (Id.).

Plaintiff defaulted and on February 28, 2017, Defendant The Bank of New York Mellon filed Notice in the Third Circuit Court, State of Hawaii, initiating an action against Plaintiff for foreclosure of the subject property. (ECF No. 6-1).

On May 19, 2022, Attorney Vincent G. Kruse filed for Summary Judgment and for Interlocutory Decree of Foreclosure on behalf of The Bank of New York Mellon. (ECF No. 5-3 at p. 2).

On October 3, 2022, the Third Circuit Court, State of Hawaii, issued Findings of Fact, Conclusions of Law, and an Order (1) granting Summary Judgment, (2) finding Plaintiff in default

for failing to make payments as required under the terms of the Note, and (3) entering an Interlocutory Decree of Foreclosure. (Id. at pp. 1-12).

On October 3, 2022, Defendant Judge DeWeese entered a Final Judgment of Foreclosure against Plaintiff and the property. (ECF No. 5-4).

Judge DeWeese appointed Shawn M. Nakoa as Commissioner of Court, authorizing her to take possession and control of the property and to carry out its sale. (ECF No. 5-3, p. 6).

On October 27, 2022, Plaintiff filed suit in federal court seeking to challenge the Hawaii State Court Order and Judgment. (ECF No. 1).

## STANDARD OF REVIEW

Defendants move to dismiss Plaintiff's Complaint on three bases:

(1) lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1);

(2) failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6); and

(3) judicial immunity and quasi-judicial immunity.

**SUBJECT-MATTER JURISDICTION**

Federal Rule of Civil Procedure 12(b)(1) requires that a case must be dismissed for lack of subject-matter jurisdiction when the Court lacks a constitutional or statutory basis to

4

adjudicate the controversy.  Leeson v. Transamerica Disability Income Plan, 671 F.3d 969, 975 (9th Cir. 2012).

A challenge to the Court's subject-matter jurisdiction may be "facial or factual."  Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).

In a factual attack, the party challenging jurisdiction argues that the facts in the case, notwithstanding the allegations in the Complaint, divest the Court of subject-matter jurisdiction.  See White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000).  No presumptive truthfulness attaches to the Complaint's allegations.  Id.  The party challenging jurisdiction presents "affidavits or other evidence properly brought before the court" indicating that subject matter jurisdiction is lacking.  Savage v. Glendale Union High Sch., Dist. No. 205, Maricopa Cnty, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).

**FAILURE TO STATE A CLAIM**

The Court must dismiss a complaint as a matter of law pursuant to Federal Rule of Civil Procedure 12(b)(6) where it fails "to state a claim upon which relief can be granted."  When considering a Rule 12(b)(6) motion to dismiss, the Court must presume all allegations of material fact to be true and draw all reasonable inferences in favor of the non-moving party.  Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998).  Conclusory allegations of law and unwarranted inferences are insufficient to

5

defeat a motion to dismiss.  Id.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007).

The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively" and "must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." AE ex rel. Hernandez v. Cnty. of Tulare, 666 F.3d 631, 637 (9th Cir. 2012) (internal quotations omitted).

## ANALYSIS

I. **Rooker-Feldman Doctrine**

Pursuant to the Rooker-Feldman doctrine, federal courts are without subject-matter jurisdiction to review state court decisions.  State court litigants may only obtain federal review by filing a petition for a writ of certiorari with the United States Supreme Court.  Mothershed v. Justs. of the Sup. Ct., 410

F.3d 602, 606 (9th Cir. 2005).

Federal District Courts are barred from exercising jurisdiction over direct appeals of state court decisions and any de facto equivalent of such an appeal. Cooper v. Ramos, 704 F.3d 772, 777 (9th Cir. 2012). Courts pay close attention to the relief sought by the federal court plaintiff in determining whether an action is a de facto appeal. Id. at 777-78. A de facto appeal is found when the plaintiff in federal district court complains of a legal wrong allegedly committed by the state court and seeks relief from the judgment of that court. Id. at 778.

Federal District Courts lack jurisdiction to review challenges to state court decisions, even if the federal lawsuit alleges that the state court's action was unconstitutional, as those challenges may only be reviewed by the United States Supreme Court. Mothershed, 410 F.3d at 607. As-applied constitutional claims are also barred because they constitute de facto appeals of state court decisions. Scheer v. Kelly, 817 F.3d 1183, 1186 (9th Cir. 2016).

Here, Plaintiff requests that the United States District Court for the District of Hawaii invalidate a Judgment issued by the Third Circuit Court, State of Hawaii. (See Amended Complaint, ECF No. 6). Pursuant to Rooker-Feldman, this Court lacks jurisdiction to review the State Court's decision. Mothershed, 410 F.3d at 607. The District Court is also

7

precluded from reviewing Plaintiff's constitutional challenges to the manner in which the Hawaii State Court conducted its proceedings.  Scheer, 817 F.3d at 1186.

Plaintiff's Amended Complaint contains numerous unintelligible theories, lacks any facts that would support a challenge to the State Court proceedings, and fails to state a plausible claim for relief.  The Complaint names attorney Peter Stone, the law firm Rush Moore LLP, attorney Vincent Kruse, attorney Jason Lee Cotton, the law firm TMLF Hawaii LLLC, the State of Hawaii, and The Bank of New York Mellon as Defendants, alleging that they "violated federal laws" by their involvement in the court foreclosure action.  (ECF No. 6, pp. 3-18).  Because Plaintiff's claims against these Defendants are "inextricably intertwined with the de facto appeal of the state court judgment," suit against them is similarly barred pursuant to the Rooker-Feldman doctrine.  Cooper, 704 F.3d at 782.

**II.   Eleventh Amendment to the United States Constitution**

Even if Plaintiff's claims were not barred by the Rooker-Feldman doctrine, the claims against the state officials acting in their official capacities would be subject to dismissal pursuant to the Eleventh Amendment to the United States Constitution.  The Eleventh Amendment shields unconsenting states from suits in federal court.  K.W. ex. rel. v. Armstrong, 789 F.3d 962, 974 (9th Cir. 2015).  The Eleventh Amendment also bars

suits against instrumentalities of the state for damages or other retrospective relief. Ariz. Students' Ass'n v. Ariz. Bd. of Regents, 824 F.3d 858, 865 (9th Cir. 2016).

The Eleventh Amendment bars Plaintiff's claims against Judge DeWeese and Commissioner of Court Shawn M. Nakoa.  Judges of the Third Circuit Court, State of Hawaii, and Commissioners of Court are instrumentalities of the State of Hawaii.  They have not consented to suit.  The nature of the suit is not among those that Congress has permitted in light of the Eleventh Amendment. Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989).

**III. Judicial and Quasi-Immunity**

Judicial immunity is a common law doctrine developed to protect judicial independence, and the doctrine bars suits against judges when the suit is predicated on actions taken in the judge's judicial capacity. Moore v. Urquhart, 899 F.3d 1094, 1103 (9th Cir. 2018).

Under the doctrine of quasi-judicial immunity, judicial immunity may be "extended to certain others who perform functions closely associated with the judicial process." Bridge Aina Le'a, LLC v. State of Hawaii Land Use Comm'n, 125 F. Supp. 3d 1051, 1074 (D. Haw. 2015), aff'd sub nom. Bridge Aina Le'a, LLC v. Land Use Comm'n, 950 F.3d 610 (9th Cir. 2020) (citing Duvall v. Cnty. of Kitsap, 260 F.3d 1124, 1133 (9th Cir. 2001)). An official acting under the authority of the judge is entitled

9

to derived judicial immunity because he is performing an integral part of the judicial process. <u>Lonneker Farms, Inc. v. Klobucher</u>, 804 F.2d 1096, 1097 (9th Cir. 1986).

Plaintiff's claims against Judge DeWeese and Commissioner of Court Shawn Nakoa are brought against them in their official capacities. Such claims are barred pursuant to the doctrines of judicial and quasi-judicial immunity. <u>Craig v. Villicana</u>, 676 Fed. Appx. 716, 716 (9th Cir. 2017).

**IV. Amendment Would Be Futile**

Plaintiff amended his Complaint once as a matter of course pursuant to Federal Rule of Civil Procedure 15(1)(b). The Court declines to give Plaintiff leave to further amend his Complaint as it is clear that any attempt to amend would be futile based on the nature of the claims. <u>Gordon v. City of Oakland</u>, 627 F.3d 1092, 1094 (9th Cir. 2010); <u>Kinney v. Cantil-Sakauye</u>, 723 Fed. Appx. 562, 562 (9th Cir. 2018).

**V.  Application to Proceed in District Court without Prepaying Fees or Costs and Motion to be Excused from Pacer Fees are Moot**

The Court finds that Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs and the Motion to be Excused from Pacer Fees are moot in light of this ruling. Plaintiff's Application (ECF No. 3) and Motion (ECF No. 4) are **DENIED AS MOOT.**

**CONCLUSION**

Defendants' Motion to Dismiss (ECF No. 5) is **GRANTED.**

The Amended Complaint (ECF No. 6) is **DISMISSED WITH PREJUDICE.**  The Clerk of Court will not accept for filing any further Amended Complaints in this case.

Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs (ECF No. 3) is **DENIED AS MOOT.**

Plaintiff's Motion to be Excused from Pacer Fees (ECF No. 4) is **DENIED AS MOOT.**

The Clerk of Court is **ORDERED** to enter Judgment in favor of Defendants and **CLOSE THE CASE.**

IT IS SO ORDERED.

DATED: December 20, 2022, Honolulu, Hawaii.

Helen Gillmor
United States District Judge

Tante T. Urban, Jr. v. Wendy M. DeWeese; Peter Stone; Shawn Nakoa; Rush Moore LLP; Vincent Kruse; Jason Lee Cotton; TMLF Hawaii LLLC; State of Hawaii; The Bank of New York Mellon, Civ. No. 22-00461 HG-RT; **ORDER GRANTING DEFENDANTS THE HONORABLE WENDY M. DeWEESE AND SHAWN M. NAKOA'S MOTION TO DISMISS COMPLAINT FOR VIOLATION OF CIVIL RIGHTS WITH PREJUDICE (ECF No. 5); ORDER DENYING PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (ECF No. 3); ORDER DENYING PLAINTIFF'S MOTION TO BE EXCUSED FROM PACER FEES (ECF No. 4).**